[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13187
Non-Argument Calendar

_____

Agency No. A97-952-495

XIAOZHONG SHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 8, 2007)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Xiaozhong Shi, a native and citizen of China, arrived in Miami illegally in May 2004. The Department of Homeland Security issued Shi a notice to appear and charged him with entering the United States without a valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). Shi admitted the inadmissability charge. He then applied for asylum, withholding of removal, and relief under the Covention Against Torture.

In support of his application, Shi submitted State Department country reports for China which showed that the government had been punishing members of the Falun Gong movement since 1999. Shi also testified at his asylum hearing that: (1) the police had tried to arrest him in 2000 while selling Falun Gong books; (2) he escaped to the mountains and later to his uncle's house; (3) his parents were arrested in his stead and spent 15 days in jail; (4) the police came looking for him at his uncle's house but he escaped each time; and (5) his father was arrested again in 2004, this time for helping to smuggle Shi out of China.

At the end of the hearing, the immigration judge asked if Shi had any corroborating evidence of his parents' arrest in 2000. Shi's attorney said he didn't but that he would try to obtain something before the proceedings were closed. The IJ then continued the hearing for four weeks and told Shi's counsel that he would entertain a further continuance if counsel did not obtain the information in time.

2

Shi never submitted any corroborating evidence nor did he ask for a further continuance. Having heard nothing from Shi, the IJ denied Shi's claims for relief on the evidence he had before him. As to Shi's asylum claim, the IJ found that Shi could not meet his burden to show that he was persecuted or had a well-founded fear of persecution because his testimony, which was the only evidence supporting his assertion that he was persecuted, was speculative, undetailed, and at times inconsistent. The IJ also found that even if everything Shi said was true, his parents' arrest in 2000 and his father's arrest in 2004 did not constitute persecution of Shi and were not the result of Shi's involvement with Falun Gong. Shi did not have a well-founded fear of persecution because he stopped selling Falun Gong books in 2000 and his parents had not been harmed since then.

As to Shi's withholding of removal and CAT claims, the IJ found that because Shi had not met his burden as to asylum, he also did not meet the higher burden to establish withholding of removal and CAT relief.

Shi appealed the IJ's decision to the Board of Immigration Appeals. But before the BIA had a chance to rule on Shi's appeal, Shi moved to reopen his asylum proceedings so that he could introduce documentary evidence corroborating his testimony at the hearing. The BIA denied Shi's motion to reopen because he did not show that the evidence was new or previously unavailable and he did not explain why he did not submit the evidence earlier, when the IJ

3

continued the asylum proceedings. The BIA also denied his appeal, adopting the IJ's decision as its own.

Shi petitions for review of the IJ's decision, adopted by the BIA, to deny his claims for asylum and withholding of removal. His brief to this Court addresses neither the IJ's decision to deny his CAT claim nor the BIA's decision to deny his motion to reopen the asylum proceedings. We therefore consider these issues to be abandoned and do not consider them any further. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) ("In his brief on appeal, Mendoza does not challenge the IJ's determination that he is not entitled to CAT relief. Thus, Mendoza has abandoned his CAT claim on appeal, and we need not consider it.").

Shi does argue, as to the IJ's decision on his asylum and withholding of removal claims, that (1) his testimony should be presumed credible because the IJ did not make an explicit adverse credibility finding; (2) the IJ's reservations about his credibility were not supported by the record; (3) his testimony was sufficiently detailed; (4) his testimony alone was sufficient to sustain his burden of proof without corroboration; and (5) the State Department reports on China established that there was a pattern and practice of persecuting Falun Gong practitioners.

We need not address Shi's first three contentions because we will assume without deciding that his testimony was credible. We will also assume without deciding that Shi was persecuted by Chinese officials. Still, for Shi to be eligible

4

for asylum and withholding of removal, he must show that he was persecuted on account of his involvement with Falun Gong. See 8 U.S.C. §§ 1101(a)(42)(A) (for aslyum), 1231(b)(3) (for withholding of removal). The IJ found that, while the country reports indicate that Chinese officials had targeted Falun Gong members, Shi's testimony did not support his claim that he was targeted by the police on account of his membership in Falun Gong.

We review the IJ's findings under the substantial evidence test, which means that we "must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "[T]he IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.

Shi has not demonstrated that his testimony—the only evidence he points to in support of his asylum claim—compels a finding that he was persecuted on account of his membership in Falun Gong. Shi testified that: (1) the police tried to arrest him in 2000 because he was selling the books at an unregulated flea market; (2) the police arrested his parents because his father tried to stop them from destroying something in his house; (3) his father was arrested in 2004 on smuggling charges; and (4) he did not know why the police tried to arrest him at his uncle's house. The IJ's finding that Shi was persecuted for reasons other than

5

his Falun Gong membership is supported by substantial evidence.  We therefore

deny Shi's petition to review his asylum and withholding of removal claims.

PETITION DENIED.